Arnold B. Calmann (abc@saiber.com)
Jane Jhun  (jj@saiber.com)
**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

Of Counsel:
Jeffrey S. Ward (jsward@michaelbest.com)
Thomas P. Heneghan (tpheneghan@michalbest.com)
Shane A. Brunner (sabrunner@michaelbest.com)
Edward J. Pardon (ejpardon@michaelbest.com)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI  53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

Attorneys for Defendants
Aurobindo Pharma Limited and
Aurobindo Pharma USA, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LIMITED, and AUROBINDO PHARMA USA, INC.,<br><br>Defendants. | Case No. 07-CV-06020 (MLC)(JJH)<br><br>**DEMAND FOR JURY TRIAL**<br><br>*DOCUMENT ELECTRONICALLY FILED* |

## DEFENDANT AUROBINDO PHARMA LIMITED'S ANSWER TO THE COMPLAINT

Aurobindo Pharma Limited by its attorneys Saiber LLC and Michael Best & Friedrich LLP, hereby answers Plaintiffs' Complaint as follows:

## Nature of Action

1.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. §§ 271(e) and (a).  This action relates to an Abbreviated New Drug Application ("ANDA") filed by and/or for the benefit of Aurobindo Pharma Limited and Aurobindo Pharma USA Inc. ("the Aurobindo ANDA") with the United States Food and Drug Administration ("FDA") for approval to market generic versions of Plaintiffs' highly successful Crestor® pharmaceutical products that are sold in the United States.

ANSWER:    Aurobindo Pharma Limited ("Aurobindo India") admits that the Complaint

purports to state an action alleging patent infringement under the patent laws of the United

States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. §§ 271(e) and (a).  Aurobindo

India admits that this action relates to an ANDA submitted by Aurobindo India to the FDA for

approval to market generic versions of Crestor® pharmaceutical products that are sold in the

United States.   All other allegations in paragraph 1 that are not specifically admitted are denied.

## Parties

2.    Plaintiff AstraZeneca Pharmaceuticals LP ("AstraZeneca") is a corporation operating and existing under the laws of Delaware with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803 USA.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 2, and therefore denies them.

3.    Plaintiff AstraZeneca UK Limited is a corporation operating and existing under the laws of the United Kingdom with its principal place of business at 15 Stanhope Gate, London W1K 1LN, England.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 3, and therefore denies them.

4.    Plaintiff IPR Pharmaceuticals, Inc. ("IPR) is a corporation operating and existing

under the laws of Puerto Rico with its principal place of business at Carr 188 Lote 17, San Isidro Industrial Park, Canovanas, Puerto Rico 00729.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 4, and therefore denies them.


     5.     Plaintiff Shionogi Seiyaku Kabushiki Kaisha is a corporation operating and existing under the laws of Japan with its principal place of business at 1-8, Doshomachi 3-chome, Chuo-ku, Osaka 541-0045 Japan.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 5, and therefore denies them.


     6.     On information and belief, Defendant Aurobindo Pharma Limited ("Aurobindo Pharma") is a corporation operating and existing under the laws of India with its principal place of business at Plot # 2, Maitri Vihar, Ameerpet, Hyderabad — 500 038, Andhra Pradesh, India.

ANSWER:    Aurobindo India admits the allegations contained in paragraph 6 of the

Complaint.


     7.     On information and belief, Defendant Aurobindo Pharma USA Inc. ("Aurobindo USA") is a wholly owned subsidiary of Aurobindo Pharma and is a corporation operating and existing under the laws of Delaware with its principal place of business at 2400 Route 130 North, Dayton, New Jersey 08810 USA (Middlesex County).

ANSWER:    Aurobindo India admits the allegations contained in paragraph 7 of the

Complaint.

## **Background**

     8.     IPR is the holder of approved New Drug Application ("NDA") No. 021366 for Crestor® Tablets, in 5 mg, 10 mg, 20 mg, and 40 mg dosage forms, containing rosuvastatin calcium.  AstraZeneca is IPR's authorized agent for matters related to NDA No. 021366.

ANSWER:    Aurobindo India admits that according to the Orange Book IPR is the holder of

approved NDA No. 021366 for Crestor® Tablets, in 5 mg, 10 mg, 20 mg, and 40 mg dosage

forms, containing rosuvastatin calcium.  Aurobindo India has insufficient knowledge to form a

belief as to the truth of the other allegations in paragraph 8 not specifically admitted, and

therefore denies them.

9.      CRESTOR® (rosuvastatin calcium) is a prescription drug belonging to a group of medicines (called statins) that are used to treat high cholesterol.  Crestor® is one of the most effective lipid-lowering statins available.  Over 11 million patients have been prescribed Crestor®, and over 110 million prescriptions have been written worldwide for Crestor®.

ANSWER:      Aurobindo India admits that CRESTOR® (rosuvastatin calcium) is a prescription

drug belonging to a group of medicines (called statins) that are used to treat high cholesterol.

Aurobindo India has insufficient knowledge to form a belief as to the truth of the other

allegations in paragraph 9 not specifically admitted, and therefore denies them.

10.      Plaintiffs, among other things, manufacture, market, promote, educate the public and physicians about, and conduct research and development on existing and new indications for Crestor® Tablets.  Plaintiffs financially benefit from sales of Crestor® Tablets in the United States.

ANSWER:      Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations in paragraph 10, and therefore denies them.

11.      On information and belief, Aurobindo Pharma and/or Aurobindo USA filed with the FDA, in Rockville, Maryland, ANDA No. 79-170 under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, importation, offer for sale, and sale in the United States of rosuvastatin calcium tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, which are generic versions of Plaintiffs' Crestor® Tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, respectively.

ANSWER:      Aurobindo India admits that it submitted ANDA No. 79-170 to the FDA, in

Rockville, Maryland, under 21 U.S.C. § 355(j) to obtain FDA approval of rosuvastatin calcium

tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, which are generic versions of

Crestor® Tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, respectively. Aurobindo

India denies all other allegations in paragraph 11 not specifically admitted.

12.      By letter dated October 31, 2007, Aurobindo Pharma notified Plaintiffs that it had filed an ANDA seeking FDA approval to market rosuvastatin calcium tablets in 5 mg, 10 mg, 20

mg, and 40 mg dosage strengths (hereinafter referred to as "the Aurobindo Rosuvastatin Calcium Tablets"), and that it was providing information to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95.

ANSWER:    Aurobindo India admits the allegations contained in paragraph 12 of the

Complaint.


13.    On information and belief, Aurobindo Pharma is in the business of developing and manufacturing generic pharmaceutical products.  On information and belief, Aurobindo Pharma sells and delivers its pharmaceutical products to Aurobindo USA in New Jersey.  On information and belief Aurobindo USA is the agent, affiliate, representative, and/or alter ego of, and/or acts in concert with, Aurobindo Pharma for the purposes of marketing, distributing, and selling generic pharmaceutical products within the United States, including the State of New Jersey.

ANSWER:    Aurobindo India admits that it is in the business of developing and manufacturing

generic pharmaceutical products and that it sells and delivers its pharmaceutical products to

Aurobindo USA in New Jersey.  Aurobindo India denies all other allegations in paragraph 13 not

specifically admitted.


14.    On information and belief, Aurobindo USA, as the authorized agent of Aurobindo Pharma and/or in its own capacity, participated in the preparation and filing with the FDA of the Aurobindo ANDA for approval to market generic rosuvastatin calcium in the United States.

ANSWER:    Aurobindo India denies the allegations contained in paragraph 14 of the

Complaint.

**Jurisdiction and Venue**

15.    Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

ANSWER:    Aurobindo India admits that subject-matter jurisdiction is proper under 28 U.S.C.

§§ 1331 and 1338(a) over Count I of the Complaint (D.I. 1 at ¶¶20-25).  Aurobindo India denies

that subject-matter jurisdiction is proper under 28 U.S.C. §§ 2201 and 2202 over Count II of the

Complaint (D.I. 1 at ¶¶26-31).

16.    On information and belief, Aurobindo Pharma has developed a complete infrastructure in terms of marketing, sales, administration, finance and distribution in the United States.  On information and belief, that infrastructure includes Aurobindo USA.  On information and belief, Aurobindo Pharma develops and manufactures generic drugs and, directly or indirectly through Aurobindo USA, markets, distributes, and sells its generic drugs throughout the United States, including the State of New Jersey.

ANSWER:    Aurobindo India denies the allegations contained in paragraph 16 of the

Complaint.

17.    Personal jurisdiction over Aurobindo Pharma is proper because it purposefully avails itself of the privilege of selling its generic products in the state of New Jersey and can therefore reasonably expect to be subject to jurisdiction in Courts in New Jersey.  Among other things, upon information and belief, Aurobindo Pharma, directly or through its subsidiary Aurobindo USA, places goods into the stream of commerce for distribution throughout the United States, including the State of New Jersey.  In addition, Aurobindo Pharma maintains continuous and systematic contacts with its wholly owned subsidiary, Aurobindo USA, in the State of New Jersey.

ANSWER:    Aurobindo India admits personal jurisdiction over it is proper because it maintains

a branch office in New Jersey. Aurobindo India denies all other allegations in paragraph 17 not

specifically admitted.

18.    Personal jurisdiction over Aurobindo USA is proper because Aurobindo USA's principal place of business is in this judicial district and, thus, Aurobindo USA has purposely availed itself of the privilege of doing business in the State of New Jersey.  Further, Aurobindo USA maintains continuous and systematic contacts with the State of New Jersey so as to reasonably allow jurisdiction to be exercised over it.

ANSWER:    Aurobindo India admits the allegations contained in paragraph 18 of the

Complaint.

19.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

ANSWER:    Aurobindo India admits the allegations contained in paragraph 19 of the

Complaint.

**Count I**

**Infringement of United States Patent No. RE 37,314 Under 35 U.S.C. § 271(e)(2)**

20.    Plaintiffs incorporate by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

ANSWER:    Aurobindo India incorporates by reference its answers to paragraphs 1-19 of this Complaint as if fully set forth herein.


21.    United States Patent No. RE37,314 ("the '314 patent"), entitled "Pyrimidine Derivatives," was duly and legally reissued by the United States Patent and Trademark Office on August 7, 2001.  Plaintiffs hold all substantial rights in the '314 patent and have the right to sue for infringement thereof.  A true and correct copy of the '314 patent is attached as Exhibit A.

ANSWER:    Aurobindo India admits that the '314 patent is entitled "Pyrimidine Derivatives."

Aurobindo India denies that the '314 patent was duly and legally reissued by the United States

Patent and Trademark Office on August 7, 2001.  Aurobindo India admits that a true and correct

copy of the '314 patent is attached as Exhibit A.  Aurobindo India has insufficient knowledge to

form a belief as to the truth of the other allegations in paragraph 21 not specifically admitted or

denied, and therefore denies them.


22.    On information and belief, Aurobindo Pharma and Aurobindo USA filed ANDA No. 79-170 in order to obtain approval to market the Aurobindo Rosuvastatin Calcium Tablets in the United States before the expiration of the '314 patent.  On information and belief, Aurobindo Pharma and Aurobindo USA also filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '314 patent are invalid.

ANSWER:    Aurobindo India admits that it submitted ANDA No. 79-170 in order to obtain

approval to market the Aurobindo Rosuvastatin Calcium Tablets in the United States before the

expiration of the '314 patent and that it also filed with the FDA, pursuant to 21 U.S.C. §

355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the

claims of the '314 patent are invalid.  Aurobindo India denies all other allegations in paragraph

22 not specifically admitted.

23.     On information and belief, Aurobindo Pharma and Aurobindo USA do not assert that Aurobindo Rosuvastatin Calcium Tablets are not covered by one or more claims of the '314 patent.

ANSWER:     Aurobindo India admits that the letter dated October 31, 2007 to Plaintiffs

referenced in paragraph 12 of the Complaint does not assert that the Aurobindo Rosuvastatin

Calcium Tablets are not covered by one or more claims of the '314 patent. Aurobindo India

denies all other allegations in paragraph 23 not specifically admitted.

24.     Under 35 U.S.C. § 271(e)(2)(A), the submission by Aurobindo Pharma and/or Aurobindo USA to the FDA of ANDA No. 79-170 to obtain approval for the commercial manufacture, use, or sale of the Aurobindo Rosuvastatin Calcium Tablets before the expiration date of the '314 patent constitutes infringement of one or more claims of the '314 patent, either literally or under the doctrine of equivalents.

ANSWER:     Aurobindo India admits that under 35 U.S.C. § 271(e)(2)(A), its submission to the

FDA of ANDA No. 79-170 to obtain approval for the commercial manufacture, use, or sale of

the Aurobindo Rosuvastatin Calcium Tablets before the expiration date of the '314 patent is an

artificial act of infringement as set forth in the relevant statutes and case law. Aurobindo India

denies all other allegations in paragraph 24 not specifically admitted.

25.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

ANSWER:     Aurobindo India denies the allegations contained in paragraph 25 of the

Complaint.

## Count II

## Declaratory Judgment of Infringement of United States Patent No. RE37,314 Under U.S.C. § 271(a)

26.     Plaintiffs incorporate by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

ANSWER:    Aurobindo India incorporates by reference its answers to paragraphs 1-25 of this

Complaint as if fully set forth herein.

27.    Upon information and belief, Aurobindo Pharma and Aurobindo USA have made substantial preparations to sell Aurobindo Rosuvastatin Calcium Tablets labeled for the same dosages as the Crestor® products.

ANSWER:    Aurobindo India denies the allegations contained in paragraph 27 of the

Complaint.

28.    Upon information and belief, Aurobindo Pharma and Aurobindo USA intend to commence sale of Aurobindo Rosuvastatin Calcium Tablets immediately upon receiving approval from the FDA.

ANSWER:    Admitted that Aurobindo India submitted an ANDA for its Rosuvastatin Calcium

Tablets to the FDA seeking approval to market that product prior to the expiration of the '314

patent.  Aurobindo India denies all other allegations of paragraph 28 not specifically admitted .

29.    The manufacture, importation, sale, and offer for sale of Aurobindo Rosuvastatin Calcium Tablets, once approved by the FDA, will directly infringe, induce and/or contribute to the infringement of one or more claims of the '314 patent under 35 U.S.C. § 271(a).

ANSWER:    Aurobindo India denies the allegations contained in paragraph 29 of the

Complaint.

30.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court.  Plaintiffs have no adequate remedy at law.

ANSWER:    Aurobindo India denies the allegations contained in paragraph 30 of the

Complaint.

31.    An actual controversy exists relating to Aurobindo Pharma and Aurobindo USA's threatened infringement of the '314 patent.

ANSWER:    Aurobindo India denies the allegations contained in paragraph 31 of the

Complaint.

## SEPARATE DEFENSES

1.      The Court lacks subject-matter jurisdiction over Count II of the Complaint (D.I. 1 at p. 7 ¶¶26-31).

2.      One or more of the claims of the '314 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103, 112, and 251 thereof.

3.      Aurobindo India reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff Aurobindo India, for its Counterclaim against AstraZeneca Pharmaceuticals LP ("AstraZeneca Pharma"), AstraZeneca UK Limited ("AstraZeneca UK"), IPR Pharmaceuticals, Inc. ("IPR"), and Shionogi Seiyaku Kabushiki Kaisha ("Shionogi") (collectively "Plaintiffs"), alleges as follows:

### The Parties

1.      Aurobindo India is a corporation operating and existing under the laws of India with its principal place of business at Plot # 2, Maitri Vihar, Ameerpet, Hyderabad — 500 038, Andhra Pradesh, India.

2.      AstraZeneca Pharma purports to be a corporation operating and existing under the laws of Delaware with its principal place of business at 1800 Concord Pike, Wilmington,

Delaware 19803 USA.

3.    AstraZeneca UK purports to be a corporation operating and existing under the laws of the United Kingdom with its principal place of business at 15 Stanhope Gate, London W1K 1LN, England.

4.    IPR purports to be a corporation operating and existing under the laws of Puerto Rico with its principal place of business at Carr 188 Lote 17, San Isidro Industrial Park, Canovanas, Puerto Rico 00729.

5.    Shionogi purports to be a corporation operating and existing under the laws of Japan with its principal place of business at 1-8, Doshomachi 3-chome, Chuo-ku, Osaka 541-0045 Japan.

## Jurisdiction and Venue

6.    This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28, U.S.C. §§ 2201 and 2202.

7.    This Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges, and subjected themselves to the jurisdiction of this forum by suing Defendants in this District, and/or because Plaintiffs conduct substantial business in this District.

8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## Patent-in-Suit

9.    On or about August 7, 2001, the U.S. Patent and Trademark Office ("PTO") reissued U.S. Reissue Patent No. RE 37,314 E ("the '314 patent"), entitled "Pyrimidine

Derivatives," to Kentaro Hirai, Teruyuki Ishiba, Haruo Koike and Masamichi Watanabe.

10.     Plaintiffs purport and claim to own, and to have the right to enforce the '314 patent.

11.     On or about December 18, 2007, Plaintiffs sued Defendants in this District alleging infringement of the '314 patent under 35 U.S.C. § 271(e)(2)(A).

## COUNT I

### (Declaratory Judgment of Invalidity of the '314 Patent)

12.     Aurobindo India re-asserts and re-alleges paragraphs 1-11 of this Counterclaim as if fully set forth herein.

13.     There is an actual, substantial, and continuing justiciable case or controversy between Aurobindo India and Plaintiffs regarding the invalidity of the '314 patent, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A declaration of rights between the parties is both appropriate and necessary to establish that the '314 patent is invalid and therefore cannot be infringed by Aurobindo India.

14.     The claims of the '314 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code, including §§ 102, 103, 112, and 251 thereof.

15.     Aurobindo India is entitled to a judicial declaration that the claims of the '314 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Aurobindo India respectfully requests:

A.     That the Complaint filed by Plaintiffs against Aurobindo India be dismissed in its

entirety with prejudice, that judgment be entered in favor of Aurobindo India and against Plaintiffs on all claims set forth in the Complaint, and that Plaintiffs be denied all relief requested from Aurobindo India in the Complaint;

B.     That the Court declare that the claims of the '314 patent are invalid;

C.     That the Court award Aurobindo India its reasonable attorneys' fees, costs, and expenses in this action pursuant to 3 U.S.C. § 285 and all other applicable statutes, rules, and common law.

D.     That the Court grant Aurobindo India such other further relief as it may deem just and proper.

Dated:  January 31, 2008.    Respectfully submitted,

           **SAIBER LLC**
           Attorneys for Defendants
           Aurobindo Pharma Limited and
           Aurobindo Pharma USA, Inc.

           /s/ Arnold B. Calmann
           Arnold B. Calmann
           Jane Jhun
           One Gateway Center
           13th Floor
           Newark, NJ 07102-5311
           Tel: 973.622.3333
           Fax: 973.622.3349

           abc@saiber.com
           jj@saiber.com

           Of Counsel:

           Jeffrey S. Ward
           Thomas P. Heneghan
           Shane A. Brunner
           Edward J. Pardon

           **MICHAEL BEST & FRIEDRICH LLP**
           One South Pinckney Street
           P.O. Box 1806
           Madison, WI  53701-1806
           Tel: 608.257.3501
           Fax: 608.283.2275

           jsward@michaelbest.com
           tpheneghan@michaelbest.com
           sabrunner@michaelbest.com
           ejpardon@michaelbest.com

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 & 40.1</u>

On behalf of defendant Aurobindo Pharma Limited ("Aurobindo Pharma"), I hereby

certify that the following actions are related:

1. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.
   MYLAN PHARMACEUTICALS, INC., 1:07-cv-00805 (Dist. Delaware)

2. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.
   SUN PHARMACEUTICAL INDUSTRIES LTD., SUN PHARMACEUTICAL
   INDUSTRIES, INC., and CARACO PHARAMCEUTICAL LABORATORIES LTD.,
   1:07-cv-00806 (Dist. Delaware)

3. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.
   SANDOZ INC., 1:07-cv-00807 (Dist. Delaware)

4. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.
   PAR PHARAMCEUTICAL, INC. 1:07-cv-00808 (Dist. Delaware)

5. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.
   APOTEX INC. AND APOTEX CORP. 1:07-cv-00809 (Dist. Delaware)

6. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.
   AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA INC., 1:07-cv-
   008010 (Dist. Delaware)

7. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.
   COBALT PHARMACEUTICALS INC. AND COBALT LABORATORIES, INC. 1:07-
   cv-00811 (Dist. Delaware)

8. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR
   PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.

COBALT PHARMACEUTICALS INC. AND COBALT LABORATORIES, INC., 2:07-cv-00815 (M.D. Fla.)

9. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. MYLAN PHARMACEUTICALS INC. AND COBALT LABORATORIES, INC., 1:07-cv-00177 (IMK) (W. Va.)

I further certify that, to the best of my knowledge, the matter in controversy is not the

subjection of any other action pending in any court in this jurisdiction, or of any pending

arbitration or administrative proceedings.

Dated: January 31, 2008            By:    s/ Arnold B. Calmann
                                          Arnold B. Calmann
                                          **SAIBER LLC**
                                          One Gateway Center, 13th Floor
                                          Newark, New Jersey 07102-5311
                                          (973) 622-3333

                                          Attorneys for Defendants Aurobindo
                                          Pharma Limited and Aurobindo Pharma
                                          USA, Inc.

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 201.1</u>

Pursuant to Local Civil Rule 201.1, the undersigned counsel for defendant Aurobindo Pharma Limited hereby certifies that defendant's counterclaim herein seek injunctive relief and damages, excluding interest, costs and punitive damages, in excess $150,000.  This action is, therefore, not appropriate for compulsory arbitration.


Dated: January 31, 2008                    By:     s/ Arnold B. Calmann
                                                   Arnold B. Calmann
                                                   **SAIBER LLC**
                                                   One Gateway Center, 13th Floor
                                                   Newark, New Jersey 07102-5311
                                                   (973) 622-3333

                                                   Attorneys for Defendants Aurobindo
                                                   Pharma Limited and Aurobindo Pharma
                                                   USA, Inc.

**CERTIFICATE OF SERVICE**

I, Arnold B. Calmann, hereby certify that on the 31st day of January 2008, a true and correct copy of Defendant Aurobindo Pharma Limited's Answer was served to the following counsel of record via electronic mail:

Andrew T. Berry, Esq.
Jonathan M.H. Short, Esq.
**MCCARTER & ENGLISH LLP**
Fourth Gateway Center
100 Mulberry Street
Newark, NJ  07102

Email:
aberry@mccarter.com
jshort@mccarter.com

Ford F. Farabow, Esq.
Charles E. Lipsey, Esq.
York M. Faulkner, Esq.
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER L.L.P.**
901 New York Avenue, N.W.
Washington, D.C.  20001

Email:
ford.farabow@finnegan.com
charles.lipsey@finnegan.com
york.faulkner@finnegan.com

Henry J. Renk, Esq.
**FITZPATRICK, CELLA, HARPER & SCINTO**
30 Rockefeller Plaza
New York, NY  10112

Email:
hrenk@fchs.com


                                        /s/  Arnold B. Calmann
                                        _____
                                        Arnold B. Calmann

Dated: January 31, 2008