Arnold B. Calmann (abc@saiber.com)
Jane Jhun  (jj@saiber.com)
**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

Of Counsel:
Jeffrey S. Ward (jsward@michaelbest.com)
Thomas P. Heneghan (tpheneghan@michalbest.com)
Shane A. Brunner (sabrunner@michaelbest.com)
Edward J. Pardon (ejpardon@michaelbest.com)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI  53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

Attorneys for Defendants
Aurobindo Pharma Limited and
Aurobindo Pharma USA, Inc.

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP,)<br>ASTRAZENECA UK LIMITED, )<br>IPR PHARMACEUTICALS, INC., and )<br>SHIONOGI SEIYAKU KABUSHIKI )<br>KAISHA, )<br><br>Plaintiffs, )<br><br>v. )<br><br>AUROBINDO PHARMA LIMITED, and )<br>AUROBINDO PHARMA USA, INC., )<br><br>Defendants. ) | Case No. 07-CV-06020 (MLC)(JJH)<br><br>**NOTICE OF MOTION TO SEAL DR. S. PADMAJA'S DECLARATION AND PORTIONS OF DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(B)(1)**<br><br>*DOCUMENT ELECTRONICALLY FILED* |

**TO:**  Andrew T. Berry, Esq.
Jonathan M.H. Short, Esq.
**MCCARTER & ENGLISH LLP**
Fourth Gateway Center
100 Mulberry Street
Newark, NJ  07102

*Of Counsel*

Ford F. Farabow, Esq.
Charles E. Lipsey, Esq.
York M. Faulkner, Esq.
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER L.L.P.**
901 New York Avenue, N.W.
Washington, D.C.  20001

Henry J. Renk, Esq.
**FITZPATRICK, CELLA, HARPER & SCINTO**
30 Rockefeller Plaza
New York, NY  10112

**PLEASE TAKE NOTICE** that on March 3, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendants Aurobindo Pharma Limited ("Aurobindo India") and Aurobindo Pharma USA, Inc. ("Aurobindo USA"), shall appear before the Honorable Mary L. Cooper, U.S.D.J., United States District Court, Room 5W, Trenton, New Jersey 08608 and will move this Court pursuant to Local Civil Rule 5.3(c), for an Order to Seal the following:

1.      Declaration of Dr. S. Padmaja dated January 30, 2008; and

2.      Portions of DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(b)(1) filed on January 31, 2008.

**PLEASE TAKE FURTHER NOTICE THAT** Defendants shall rely upon the accompanying Brief and Proposed Findings of Fact and Conclusions of Law that are submitted herewith.  A proposed form of Order is also submitted for the Court's consideration.

- 2 -

Dated:  January 31, 2008.                    Respectfully submitted,


                                             /s/ Arnold B. Calmann
                                             Arnold B. Calmann
                                             Jane Jhun

                                             **SAIBER LLC**
                                             One Gateway Center
                                             13th Floor
                                             Newark, NJ 07102-5311
                                             Tel: 973.622.3333
                                             Fax: 973.622.3349

                                             abc@saiber.com
                                             jj@saiber.com

                                             *Of Counsel:*

                                             Jeffrey S. Ward
                                             Thomas P. Heneghan
                                             Edward J. Pardon

                                             **MICHAEL BEST & FRIEDRICH LLP**
                                             One South Pinckney Street
                                             P.O. Box 1806
                                             Madison, WI  53701-1806
                                             Tel: 608.257.3501
                                             Fax: 608.283.2275

                                             jsward@michaelbest.com
                                             tpheneghan@michaelbest.com
                                             ejpardon@michaelbest.com


                                             Attorneys for Defendants
                                             Aurobindo Pharma Limited and
                                             Aurobindo Pharma USA, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ) <br> ASTRAZENECA UK LIMITED, ) <br> IPR PHARMACEUTICALS, INC., and ) <br> SHIONOGI SEIYAKU KABUSHIKI ) <br> KAISHA, ) <br> ) <br>          Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> AUROBINDO PHARMA LIMITED, and ) <br> AUROBINDO PHARMA USA, INC., ) <br> ) <br>          Defendants. ) | Case No. 07-CV-06020 (MLC)(JJH) <br><br> **ORAL ARGUMENT REQUESTED** <br><br> Motion Return Date:  March 3, 2008 <br><br> ***DOCUMENT ELECTRONICALLY FILED*** |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO SEAL**
**DR. S. PADMAJA'S DECLARATION AND PORTIONS OF DEFENDANTS' BRIEF**
**IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

Arnold B. Calmann (abc@saiber.com)
Jane Jhun  (jj@saiber.com)
**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

Of Counsel:
Jeffrey S. Ward (jsward@michaelbest.com)
Thomas P. Heneghan (tpheneghan@michalbest.com)
Shane A. Brunner (sabrunner@michaelbest.com)
Edward J. Pardon (ejpardon@michaelbest.com)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI  53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

Attorneys for Defendants Aurobindo Pharma Limited
and Auborbindo Pharma USA, Inc.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT......................................................................................... 1

STATEMENT OF FACTS................................................................................................. 2

LEGAL ARGUMENT……...…………………………………………………………… 2

    I.        Legal Standards.................................................................................................2

    II.      Aurobindo India Meets the Requirement of Rule 5.3(c)(2)(b) By Showing That There Are Legitimate Interests that Warrant Sealing............................ 3

    III.    Aurobindo India Meets The Requirement of Rule 5.3(c)(2)(c) By Showing That Serious Injury That Would Result If The Confidential Documents Are Not Placed Under Seal………………………………………………………5

    IV.    Aurobindo India Meets The Requirement of Rule 5.3(c)(2)(d) By Showing That No Less Restrictive Alternative Is Available…………………..5

    CONCLUSION.................................................................................................. 6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Gabapentin Patent Litigation*, 312 F.Supp.2d 653 ........................................................4

*Faulman v. Security Mutual Financial*, 2006 WL 1541059 ....................................................4

*Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183........................................................2

*Littlejohn v. BIC Corp.*, 851 F.2d 673, 673 ...........................................................................4

*Miles v. Boeing Co.*, 154 F.R.D. 112 ....................................................................................4

*Miller v. Indiana Hosy.*, 16 F.3d 549 ....................................................................................2

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 .....................................................................5

*Publicker Industrial Inc. v. Cohen*, 733 F.2d 1059.............................................................2, 5

*Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653 ...................................3

*Zavala v. Wal-Mart Corporation*, Civil Action No. 03-5309..................................................4

*Zenith Radio Corp. v. Matsushita Fleet Industrial Co. Ltd.*, 529 F.Supp. 866.......................3

## FEDERAL STATUTES

Fed. R. Civ. P. 26(c) ............................................................................................................1

L. Civ. R. 5.3(c) ..................................................................................................................2

## PRELIMINARY STATEMENT

Defendants Aurobindo Pharma Limited ("Aurobindo India") and Aurobindo Pharma USA, Inc.

("Aurobindo USA") (collectively "Defendants") submit this Brief in support of their Motion

pursuant to Local Civil Rule 5.3(c) to Seal the Declaration of Dr. S. Padmaja, dated January

30, 2008, and the following portions of Defendants' Brief in Support of Its Motion to

Dismiss For Lack of Subject Matter Jurisdiction (collectively the "Confidential Documents"):

1.  **The last three sentences of the first paragraph on page 5.**
2.  **The entire second paragraph on page 5 (i.e. the first full paragraph on page 5).**
3.  **The last sentence of the second paragraph on page 6 (i.e. the first full paragraph on page 6).**
4.  **The last paragraph on page 7 which continues onto page 8.**
5.  **Page 8 in its entirety.**
6.  **The first sentence on page 9 which is a continuation of the last paragraph on page 8.**
7.  **The last sentence of the second paragraph on page 9 (i.e. the first full paragraph on page 9).**
8.  **The first and last sentence of the third paragraph on page 9 (i.e. the second full paragraph on page 9).**
9.  **The third and fourth sentences in the first paragraph on page 10 (i.e. the sentence immediately following the "(emphasis added)" statement and the subsequent sentence).**
10. **The second and third sentences in the second paragraph on page 10 (i.e. the sentence immediately following the "21 U.S.C. § 355(j)(2)(A)(iv)" citation and the subsequent sentence).**
11. **The second and third sentences in the last paragraph on page 12 (i.e. the sentence immediately following the "jurisdictional facts are as follows" statement and the subsequent sentence).**
12. **The seventh sentence in the last paragraph on page 12 (i.e. the sentence immediately following the "(D.I. 1 at p. 4 ¶12)" citation).**

As confirmed by the Declaration of Gilberto E. Espinoza, Esq., submitted concurrently

herewith, the Confidential Documents contain highly confidential, internal proprietary business

information relating to Defendant's internal corporate structure and Abbreviated New Drug

Application ("ANDA") by Aurobindo India.  These Confidential Documents contain facts and

circumstances surrounding the preparation and filing of the ANDA application which are

presently confidential and unavailable to the public.   The Confidential Documents contain

private corporate information regarding Aurobindo India's corporate structure, as well as its

corporate relationships with its subsidiaries-- financial and business information which is highly

confidential.  Disclosure of such information could seriously impair and injure Defendants'

competitive posture in the marketplace through disclosure of highly confidential information to

competitors.

    Accordingly, it is respectfully requested that the Court grant Defendants' motion to seal

for the reasons set forth herein.

**STATEMENT OF FACTS**

Defendants respectfully incorporate herein the factual details set forth in the Proposed

Findings of Fact and Conclusions of Law submitted herewith regarding the documents and

information sought to be sealed herein.  Those facts demonstrate the highly confidential and

proprietary nature of the information that is the subject of this motion.

**LEGAL ARGUMENT**

I.      **Legal Standards**

There exists in civil cases a common law public right of access to judicial proceedings

and records.  <u>Goldstein v. Forbes (In re Cendant Corp.)</u>, 260 F.3d 183, 192 (3d Cir. 2001) (citing

851 F.2d 673, 677-78 (3d Cir. 1988).  The party seeking to seal any part of a judicial record

bears the burden of demonstrating that "the material is the kind of information that courts will

protect." <u>Miller v. Indiana Hosy.</u>, 16 F.3d 549, 551 (3d Cir. 1994) (quoting <u>Publicker Indus. Inc.</u>

<u>v. Cohen</u>, 733 F.2d 1059, 1071 (3d Cir. 1984)).  This Court has the power to seal where

confidential information may be disclosed to the public.  In particular, Fed. R. Civ. P. 26(c)(7)

provides for the protection by courts of materials containing "trade secret[s] or other confidential

research, development, or commercial information[,]" upon motion by a party, to prevent harm

to a litigant's competitive standing in the marketplace.  <u>Zenith Radio Corp. v. Matsushita Fleet

Indus. Co. Ltd.</u>, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a

motion to seal or otherwise restrict public access should be granted.  Specifically, Local Rule

5.3(c)(2) requires a showing of:

    (a)   the nature of the materials or proceedings at issue;

    (b)   the legitimate private or public interest which warrants the relief sought;

    (c)   the clearly defined and serious injury that would result if the relief sought is  not
           granted; and

    (d)   why a less restrictive alternative to the relief sought is not available.

Generally, the information contained in the Confidential Documents that are the subject

of this Motion relate to commercially sensitive and/or proprietary non-public business and

financial information of Aurobindo India.   Specifically, the Confidential Documents contain

Aurobindo India's corporate structure, as well as its corporate relationships with its subsidiaries,

and contain confidential information surrounding the preparation and filing of the ANDA

application, information unavailable to the public.   Disclosure to the public would result in

substantial competitive harm to Defendants.

## II.    Audobindo India Meets the Requirement of Rule 5.3(c)(2)(b) By Showing That There Are Legitimate Interests that Warrant Sealing

Courts have recognized that the public right of access to judicial proceedings and records

is not absolute and may be rebutted.  <u>Republic of Philippines v. Westinghouse Elec. Corp.</u>, 949

F.2d 653, 662 (3d Cir. 1991).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  Littlejohn v. BIC Corp., 851 F.2d 673, 678 (quoting Nixon v. Warner Communications Inc., 435 U.S. 589, 598 (1978)).  Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing.  See id. (citation omitted).

The District Court of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents.  "A well-settled exception to the right of access is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"  In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted) (emphasis added).  "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."  Id. (citations omitted).  Moreover, commercially sensitive information from which a litigant's market competitiveness may be harmed is often sealed from public access.  See Faulman v. Security Mutual Financial, 2006 WL 1541059 at *1 (D.N.J. May 31, 2006); Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994).

The private interests at stake in this action warrant the relief sought.  Here, plaintiffs and defendants—private parties—are in a dispute relating to patents and a generic drug product.  The sealing of the identified documents requested herein serves to protect the private proprietary business interests of defendant Audobindo India and publicly disclosing the subject confidential information may pose a substantial harm risk of harm to Audobindo India's legitimate business interests and competitive position.

**III.     Audobindo India Meets The Requirement of Rule 5.3(c)(2)(c) By Showing That Serious Injury That Would Result If The Confidential Documents Are Not Placed Under Seal**

This Court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994). Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071.

If relief is not granted, Audobindo India's highly sensitive and confidential business information will be compromised, exposing them to substantial financial risks. Unless the Confidential Documents are filed under seal, competitors and others will have access to important confidential and/or proprietary business information Audobindo India that ordinarily would not be available to the public, let alone to its competitors in this highly competitive industry. Competitors and others in the marketplace might exploit such information to their advantage and benefit, and to Audobindo India's unfair detriment.

**IV.     Audobindo India Meets The Requirement of Rule 5.3(c)(2)(d) By Showing That No Less Restrictive Alternative Is Available**

Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. No less restrictive alternative is available because Defedants' request is tailored to only the specific confidential portions of the Brief and the Declaration of Dr. S. Padmaja, the release of which would pose a financial and competitive risk to Defendants. Accordingly, the only way to protect Defendants' confidential interests is to seal the specific portions of the documents identified herein.

## CONCLUSION

For the foregoing reasons, respectfully requests that the Court grant its motion in its entirety.

Respectfully submitted,

**SAIBER LLC**

Attorneys for Defendants
Aurobindo Pharma Limited and
Aurobindo Pharma USA, Inc.

/s/ Arnold B. Calmann
Arnold B. Calmann
Jane Jhun
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

abc@saiber.com
jj@saiber.com

Of Counsel:

Jeffrey S. Ward
Thomas P. Heneghan
Shane A. Brunner
Edward J. Pardon

**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI 53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

jsward@michaelbest.com
tpheneghan@michaelbest.com
sabrunner@michaelbest.com
ejpardon@michaelbest.com

Arnold B. Calmann (abc@saiber.com)
Jane Jhun  (jj@saiber.com)
**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

Of Counsel:
Jeffrey S. Ward (jsward@michaelbest.com)
Thomas P. Heneghan (tpheneghan@michalbest.com)
Shane A. Brunner (sabrunner@michaelbest.com)
Edward J. Pardon (ejpardon@michaelbest.com)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI  53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

Attorneys for Defendants
Aurobindo Pharma Limited and
Aurobindo Pharma USA, Inc.

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP,)<br>ASTRAZENECA UK LIMITED,   )<br>IPR PHARMACEUTICALS, INC., and   )<br>SHIONOGI SEIYAKU KABUSHIKI   )<br>KAISHA,   )<br>   )<br>Plaintiffs,   )<br>   )<br>v.   )<br>   )<br>AUROBINDO PHARMA LIMITED, and   )<br>AUROBINDO PHARMA USA, INC.,   )<br>   )<br>Defendants.   )<br>   ) | Case No. 07-CV-06020 (MLC)(JJH)<br><br>***DOCUMENT ELECTRONICALLY FILED*** |

## DECLARATION OF GILBERTO E. ESPINOZA
## IN SUPPORT OF MOTION TO SEAL

I, Gilberto E. Espinoza, do declare and state as follows:

1.      I am attorney at Michael Best & Friedrich LLP.

2.      I submit this declaration in support of Defendants Aurobindo Pharma Limited

("Aurobindo India") and Aurobindo Pharma USA, Inc.'s ("Aurobindo USA"), Motion to Seal

Dr. S. Padmaja's Declaration dated January 30, 2008, and the following portions of Defendants'

Brief in Support of Their Motion To Dismiss For Lack of Subject-Matter Jurisdiction:

- **The last three sentences of the first paragraph on page 5.**
- **The entire second paragraph on page 5 (i.e. the first full paragraph on page 5).**
- **The last sentence of the second paragraph on page 6 (i.e. the first full paragraph on page 6).**
- **The last paragraph on page 7 which continues onto page 8.**
- **Page 8 in its entirety.**
- **The first sentence on page 9 which is a continuation of the last paragraph on page 8.**
- **The last sentence of the second paragraph on page 9 (i.e. the first full paragraph on page 9).**
- **The first and last sentence of the third paragraph on page 9(i.e. the second full paragraph on page 9).**
- **The third and fourth sentences in the first paragraph on page 10 (i.e. the sentence immediately following the "(emphasis added)" statement and the subsequent sentence).**
- **The second and third sentences in the second paragraph on page 10 (i.e. the sentence immediately following the "21 U.S.C. § 355(j)(2)(A)(iv)" citation and the subsequent sentence).**
- **The second and third sentences in the last paragraph on page 12 (i.e. the sentence immediately following the "jurisdictional facts are as follows" statement and the subsequent sentence).**
- **The seventh sentence in the last paragraph on page 12 (i.e. the sentence immediately following the "(D.I. 1 at p. 4 ¶12)" citation).**

3.      I have personal knowledge of the facts set forth in this Declaration.

4.      This case concerns the alleged infringement of U.S. Patent No. RE 37,314 arising out of

the filing of an ANDA application by Aurobindo India.

5.     Aurobindo India has spent substantial amounts of time and money preparing the ANDA application.

6.     The facts and circumstances surrounding the preparation and filing of the ANDA application are presently confidential and not available to the public.

7.     Aurobindo India's financial and business information is highly confidential.  Examples of such confidential and proprietary information include information related to Aurobindo India's corporate structure as well as its corporate relationships with its subsidiaries.

8.     Such information is critical to Aurobindo India's ability to effectively compete in the marketplace and especially in connection with its ability to effectively compete against Plaintiffs herein.  The information sought to be sealed as identified above, consists of Aurobindo India's highly protected and proprietary corporate organization as well as its current ANDA application.

9.     If Aurobindo India's such highly confidential and/or proprietary internal corporate information were to become available to the public, Aurobindo India's competitors could use that information to its detriment.

10.    Accordingly, it is respectfully requested that the Court protect Aurobindo India's highly confidential corporate information and ANDA related information, and grant Defendants' Motion to Seal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 31, 2008.

Gilberto E. Espinoza

Arnold B. Calmann (abc@saiber.com)
Jane Jhun  (jj@saiber.com)
**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

Of Counsel:
Jeffrey S. Ward (jsward@michaelbest.com)
Thomas P. Heneghan (tpheneghan@michalbest.com)
Shane A. Brunner (sabrunner@michaelbest.com)
Edward J. Pardon (ejpardon@michaelbest.com)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI  53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

Attorneys for Defendants
Aurobindo Pharma Limited and
Aurobindo Pharma USA, Inc.

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP,)<br>ASTRAZENECA UK LIMITED,                )<br>IPR PHARMACEUTICALS, INC., and       )<br>SHIONOGI SEIYAKU KABUSHIKI        )<br>KAISHA,                                                    )<br>                                                                )<br>                          Plaintiffs,                       )<br>                                                                )<br>             v.                                               )<br>                                                                )<br>AUROBINDO PHARMA LIMITED, and  )<br>AUROBINDO PHARMA USA, INC.,       )<br>                                                                )<br>                          Defendants.                     ) | Case No. 07-CV-06020 (MLC)(JJH)<br><br><br>**ORDER TO SEAL**<br><br><br>*DOCUMENT ELECTRONICALLY<br>FILED* |

**THIS MATTER** having been opened to the Court by Defendants Aurobindo Pharma

Limited ("Aurobindo India") and Aurobindo Pharma USA, Inc. ("Aurobindo USA"), by and

through their attorneys, Saiber LLC and Michael Best & Friedrich LLP, in connection with their

Motion to Seal pursuant to Local Civil Rule 5.3(c), Dr. S. Padmaja's Declaration dated January

30, 2008, and the following portions of Defendants' Brief in Support of Their Motion To

Dismiss For Lack of Subject-Matter Jurisdiction:

- **The last two sentences of the first paragraph on page 5.**
- **The entire second paragraph on page 5 (i.e. the first full paragraph on page 5).**
- **The last sentence of the second paragraph on page 6 (i.e. the first full paragraph on page 6).**
- **The last paragraph on page 7 which continues onto page 8.**
- **Page 8 in its entirety.**
- **The first sentence on page 9 which is a continuation of the last paragraph on page 8.**
- **The last sentence of the second paragraph on page 9 (i.e. the first full paragraph on page 9).**
- **The first and last sentence of the third paragraph on page 9(i.e. the second full paragraph on page 9).**
- **The third and fourth sentences in the first paragraph on page 10 (i.e. the sentence immediately following the "(emphasis added)" statement and the subsequent sentence).**
- **The second and third sentences in the second paragraph on page 10 (i.e. the sentence immediately following the "21 U.S.C. § 355(j)(2)(A)(iv)" citation and the subsequent sentence).**
- **The second and third sentences in the last paragraph on page 12 (i.e. the sentence immediately following the "jurisdictional facts are as follows" statement and the subsequent sentence).**
- **The seventh sentence in the last paragraph on page 12 (i.e. the sentence immediately following the "(D.I. 1 at p. 4 ¶12)" citation).**

the Court having considered the papers submitted by Defendants in support of the within

Motion, and any papers submitted by Plaintiffs herein in opposition thereto; and the Court

having considered oral argument of the parties, if any; and having found that the standards of

Local Civil Rule 5.3(c) have been met and support the sealing of the foregoing documents,

testimony and information, and for the reasons set forth in the record of the proceedings, and for

other and good cause having been shown,

**IT IS** on this ___ day of _____ 2008;

**ORDERED** that Defendants' Motion pursuant to Local Civil Rule 5.3(c) to Seal the

subject documents, information and testimony be and the same is hereby granted; and it is further

**ORDERED,** that said documents, information and testimony shall be sealed and shall be

filed **UNDER SEAL** with this Court.

_____
**HONORABLE MARY L. COOPER**
**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

I, Arnold B. Calmann, hereby certify that on the 31st day of January 2008, a true and correct copy of Defendants' Motion to Seal the Declaration of Dr. S. Padmaja and portions of Defendant's Brief in Support of their Motion to Dismiss For the Lack of Subject Matter Jurisdiction was served to the following counsel of record via electronic mail:


Andrew T. Berry, Esq.
Jonathan M.H. Short, Esq.
**MCCARTER & ENGLISH LLP**
Fourth Gateway Center
100 Mulberry Street
Newark, NJ  07102

Email:
aberry@mccarter.com
jshort@mccarter.com

Ford F. Farabow, Esq.
Charles E. Lipsey, Esq.
York M. Faulkner, Esq.
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER L.L.P.**
901 New York Avenue, N.W.
Washington, D.C.  20001

Email:
ford.farabow@finnegan.com
charles.lipsey@finnegan.com
york.faulkner@finnegan.com

Henry J. Renk, Esq.
**FITZPATRICK, CELLA, HARPER & SCINTO**
30 Rockefeller Plaza
New York, NY  10112

Email:
hrenk@fchs.com


/s/  Arnold B. Calmann
Arnold B. Calmann

Dated: January 31, 2008