Arnold B. Calmann (abc@saiber.com)
Jane Jhun  (jj@saiber.com)
**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

Of Counsel:
Jeffrey S. Ward (jsward@michaelbest.com)
Thomas P. Heneghan (tpheneghan@michalbest.com)
Shane A. Brunner (sabrunner@michaelbest.com)
Edward J. Pardon (ejpardon@michaelbest.com)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI  53701-1806
Tel: 608.257.3501
Fax: 608.283.2275
Attorneys for Defendants Aurobindo Pharma Limited and
Aurobindo Pharma USA, Inc.

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA, <br><br>       Plaintiffs, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED, and AUROBINDO PHARMA USA, INC., <br><br>       Defendants. | Case No. 07-CV-06020 (MLC)(JJH) <br><br> Return Date:_March 3, 2008 <br><br> ***DOCUMENT ELECTRONICALLY FILED*** |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL DR. S. PADMAJA'S DECLARATION AND PORTIONS OF DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(b)(1)**

## INTRODUCTION

Pursuant to Local Civil Rule 5.3(c), Defendants Aurobindo Pharma Limited ("Aurobindo India") and Aurobindo Pharma USA, Inc. ("Aurobindo USA") hereby submit Proposed Findings of Fact and Conclusions of Law in support of their Motion to Seal filed with the Court on January 31, 2008. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

>  (1) the nature of the materials or proceedings at issue;
>  (2) the legitimate private or public interest which warrants the relief sought;
>  (3) the clearly defined and serious injury that would result if the relief sought is not granted; and
>  (4) why a less restrictive alternative to the relief sought is not available

Defendants seek to seal Dr. S. Padmaja's Declaration dated January 30, 2008.

Defendants also seek to seal certain portions of Defendants' Brief in Support of Their Motion To Dismiss For Lack of Subject-Matter Jurisdiction as follows:

- **The last three sentences of the first paragraph on page 5.**
- **The entire second paragraph on page 5 (i.e. the first full paragraph on page 5).**
- **The last sentence of the second paragraph on page 6 (i.e. the first full paragraph on page 6).**
- **The last paragraph on page 7 which continues onto page 8.**
- **Page 8 in its entirety.**
- **The first sentence on page 9 which is a continuation of the last paragraph on page 8.**
- **The last sentence of the second paragraph on page 9 (i.e. the first full paragraph on page 9).**
- **The first and last sentence of the third paragraph on page 9 (i.e. the second full paragraph on page 9).**
- **The third and fourth sentences in the first paragraph on page 10 (i.e. the**

> sentence immediately following the "(emphasis added)" statement and the subsequent sentence).
> 
> - **The second and third sentences in the second paragraph on page 10 (i.e. the sentence immediately following the "21 U.S.C. § 355(j)(2)(A)(iv)" citation and the subsequent sentence).**
> 
> - **The second and third sentences in the last paragraph on page 12 (i.e. the sentence immediately following the "jurisdictional facts are as follows" statement and the subsequent sentence).**
> 
> - **The seventh sentence in the last paragraph on page 12 (i.e. the sentence immediately following the "(D.I. 1 at p. 4 ¶12)" citation).**

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support the granting of Defendants' Motion to Seal the Confidential Documents identified herein:

**I.      The Nature of the Materials or Proceedings at Issue**

    **A.      Findings of Fact**

        **1.      Dr. S. Padmaja's Declaration Dated January 30, 2008**

1.)     Dr. S. Padmaja's declaration contains highly confidential and/or proprietary information including Defendants' corporate structure and corporate relationships between Aurobindo India and its subsidiaries and information relating to Aurobindo India's current ANDA application.

        **2.      Certain Portions of Defendants' Brief in Support of Their Motion To Dismiss For Lack of Subject-Matter Jurisdiction**

2.)     Defendants' brief relies upon and quotes statements that are based on Dr. Padmaja's declaration and therefore are subject to the same considerations as Dr. Padmaja's declaration.

    **B.      Conclusions of Law**

3.)     There exists in civil cases a common law public right of access to judicial

proceedings and records. <u>Goldstein v. Forbes (In re Cendant Corp.)</u>, 260 F.3d 183, 192 (3d Cir. 2001) (citing <u>Littlejohn v. BIC Corporation</u>, 851 F.2d 673, 677-78 (3d Cir. 1988). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." <u>Miller v. Indiana Hosp.</u>, 16 F.3d 549, 551 (3d Cir. 1994) (quoting <u>Publicker Indus., Inc. v. Cohen</u>, 733 F.2d 1059, 1071 (3d Cir. 1984)).

4.) This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(7) allows the protection by courts of materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. <u>Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.</u>, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

## II. The Legitimate Private or Public Interest which Warrants the Relief Sought

### A. Findings of Fact

5.) The Confidential Documents sought to be sealed contain internal corporate information and ANDA related information that Defendants assert is confidential and proprietary.

6.) Defendants have an interest in not publicly disclosing this information and relies on such information to gain a competitive advantage in the generics pharmaceutical industry.

### B. Conclusions of Law

7.) Courts have recognized that the public right of access to judicial proceedings and

records is not absolute.  Id. (citations omitted).

8.) The presumption of public access is not absolute and may be rebutted.  Id. (citing Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Littlejohn, 851 F.2d at 678 (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)).

9.) Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing.  See id. (citation omitted).

10.) The District Court of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents.  "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"  In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted).  "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."  Id. (citations omitted).

11.) Commercially sensitive information, such as information from which profit margins can be deduced, and from which a litigant's market competitiveness may be harmed is often sealed from public access.  Faulman v. Security Mutual Financial, 2006 WL 1541059 at *1 (D.N.J. May 31, 2006).

12.) Information that reflects a corporation's price competitiveness in the marketplace constitutes confidential commercial information. Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994).

### III. The Clearly Defined and Serious Injury that would Result if the Relief Sought is Not Granted

#### A. Findings of Fact

##### 1. Dr. S. Padmaja's Declaration Dated January 30, 2008

13.) Given its reference to, and disclosure of, non-public business information that is otherwise unavailable to third parties, including Defendants' corporate structure and ANDA information, the public disclosure of Dr. S. Padmaja's declaration without redactions poses a substantial risk of harm to Defendants' legitimate proprietary interests and competitive position.

##### 2. Certain Portions of Defendants' Brief in Support of Their Motion To Dismiss For Lack of Subject-Matter Jurisdiction

14.) Given its reference to, and disclosure of, non-public business information that is otherwise unavailable to third parties, including Defendants' corporate structure and ANDA information, the public disclosure of the above identified portions of Defendants' Brief in Support of Their Motion To Dismiss For Lack of Subject-Matter Jurisdiction without redactions poses a substantial risk of harm to Defendants' legitimate proprietary interests and competitive position.

#### B. Conclusions of Law

15.) The district court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994).

Protection of a party's interest in confidential commercial information, such as trade secrets or profit margin, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071; Faulman, 2006 WL 1541059 at *1.

IV. **Why a Less Restrictive Alternative to the Relief Sought is not Available**

   A. **Findings of Fact**

   16.)   Once confidential information is disclosed to the public, it can never again be sealed or maintained as private.

   17.)   The disclosure of this confidential and/or proprietary information would pose a financial and competitive risk to Defendants. Accordingly, the only way to protect Defendants' confidential interests is to seal the identified documents.

   B. **Conclusions of Law**

   18.)   Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. See Securimetrics, Inc. v. Iridian Techs., Inc., No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar 30, 2006).

   19.)   The sealing of confidential documents and information is an accepted practice in the District of New Jersey. In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, passim.

Dated: February 1, 2008.                    Respectfully submitted,


/s/ Arnold B. Calmann
Arnold B. Calmann
Jane Jhun

**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

abc@saiber.com
jj@saiber.com

*Of Counsel:*

Jeffrey S. Ward
Thomas P. Heneghan
Edward J. Pardon

**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI 53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

jsward@michaelbest.com
tpheneghan@michaelbest.com
ejpardon@michaelbest.com

*Attorneys for Defendants*
*Aurobindo Pharma Limited and*
*Aurobindo Pharma USA, Inc.*

## CERTIFICATE OF SERVICE

I, Arnold B. Calmann, hereby certify that on the 1st day of February 2008, a true and correct copy of Defendants' Proposed Findings and Conclusions of Law submitted in connection with their Motion to Seal Dr. S. Padmaja's Declaration and portions of their Brief in Support of Their Motion to Dismiss, was served to the following counsel of record via electronic mail:

Andrew T. Berry, Esq.
Jonathan M.H. Short, Esq.
**MCCARTER & ENGLISH LLP**
Fourth Gateway Center
100 Mulberry Street
Newark, NJ  07102
aberry@mccarter.com
jshort@mccarter.com

Ford F. Farabow, Esq.
Charles E. Lipsey, Esq.
York M. Faulkner, Esq.
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER L.L.P.**
901 New York Avenue, N.W.
Washington, D.C.  20001
ford.farabow@finnegan.com
charles.lipsey@finnegan.com
york.faulkner@finnegan.com

Henry J. Renk, Esq.
**FITZPATRICK, CELLA, HARPER & SCINTO**
30 Rockefeller Plaza
New York, NY  10112
hrenk@fchs.com

                                                  /s/  Arnold B. Calmann
                                                  Arnold B. Calmann

Dated: February 1, 2008